# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOROTHY ZOSKY,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:14-0795** |
| : | |
| v. : | |
| : | **(JUDGE MANNION)** |
| **PENNSYLVANIA DEPARTMENT OF** : | |
| **PUBLIC WELFARE,** : | |
| **Defendant** : | |

# M E M O R A N D U M

Plaintiff Dorothy Zosky was hired as an income maintenance caseworker by defendant Pennsylvania Department of Public Welfare in January 2013. About two months later, plaintiff was fired despite an excellent performance and attendance record. After she was terminated, she was replaced with a younger worker. Plaintiff contends that her firing was based solely on age. She seeks reinstatement to her position or damages resulting from her wrongful firing. Defendant argues that it is an arm of the state and that thus the Eleventh Amendment bars the suit against it. For the following reasons, the motion is **GRANTED** and the complaint is **DISMISSED without prejudice**.

## I.  BACKGROUND

Plaintiff Dorothy Zosky's complaint, (Doc. 1), alleges that she was hired as an income maintenance caseworker by defendant Pennsylvania Department of Public Welfare ("DPW") on January 14, 2013. She was fifty-six and fifty-seven years of age at the times relevant to this suit. For the time she worked, she maintained excellent performance and attendance. Just two months later, in March 2013, DPW allegedly fired plaintiff because of her age. Plaintiff was replaced with a younger worker.

Plaintiff thereafter brought this suit under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq*. (Doc. 1).[1] Plaintiff alleges that she has fulfilled conditions precedent to bringing a suit under the ADEA. In November 2013 she filed a charge of employment discrimination with the Equal Employment Opportunity Commission within 300 days of the unfair employment practice, and 60 days have expired from the time she filed the discrimination charge. Defendant has moved to dismiss the complaint on the grounds that the Eleventh Amendment bars the suit. (Doc. 11). The motion has been briefed, (Doc. 13, 14), and is ripe for disposition.

---

[1] Plaintiff mentions the Americans with Disabilities Act ("ADA") in the jurisdictional portion of the complaint, but does not bring a claim under it. Plaintiff also relies on case law addressing whether ADA suits are barred by the Eleventh Amendment. However, this complaint does not allege an ADA claim and the court will not address the ADA.

## II.     STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the

3

complaint, attached exhibits, and matters of public record. See Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

     Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## III. DISCUSSION

Defendant has moved to dismiss plaintiff's complaint on the grounds that the Eleventh Amendment bars the suit. "Under the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." Chittister v. Dep't. of Community & Economic Dev., 226 F.3d 223, 226 (3d Cir. 2000). Subsidiary units of state governments are immune from suit under the Eleventh Amendment. Betts v. New Castle Youth Dev. Center, 621 F.3d 249, 253 (3d Cir. 2010).

Pennsylvania has specifically withheld consent to be sued in federal court: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States 42 Pa.C.S. §8521(b); *see also* 1 Pa.C.S. §2310. Moreover, the Supreme Court has held that while Congress attempted to abrogate the states' Eleventh Amendment immunity by making states and their subdivisions employers subject to the statute when enacting the ADEA, "the abrogation exceeded Congress' authority under §5 of the Fourteenth Amendment." Kimel v. Florida Bd. Of Regents, 528 U.S. 62, 67 (2000). The court concluded that ADEA suits by private individuals are barred by Eleventh Amendment sovereign immunity, although most states have age discrimination statutes which provide causes

of action for those who feel they have been wronged by the state in an employment context. Id., at 91-92.

The Supreme Court has spoken clearly on the issue, and has held that ADEA suits may not be brought against a state or its subsidiary units. Plaintiff's ADEA claim against the DPW is thus **DISMISSED without prejudice.**

## IV.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Doc. 11), is **GRANTED** and plaintiff's claim against the DPW is **DISMISSED without prejudice** to filing, on or before **July 11, 2014**, an amended complaint naming proper defendant(s) or bringing an appropriate action in State court. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 23, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0795-01.wpd